UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA

- against –

WAYNE WILDRICK,

          Defendant.

-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.
★ JUN 28 2006 ★
BROOKLYN OFFICE

CR No. 04-442-03 (JG)

**ORDER**

      WHEREAS, Defendant WAYNE WILDRICK, in the above-captioned case, has been sentenced by the Court on May 3, 2006 and pursuant to a Judgment Including Sentence entered on May 10, 2006 to a term of imprisonment of Ninety (90) Days in the custody of the United States Bureau of Prisons;

      WHEREAS, the Court has ordered that Defendant shall surrender at 12:00 noon on July 7, 2006 at the institution designated by the United States Bureau of Prisons to commence his sentence;

      WHEREAS, Defendant Wayne Wildrick currently suffers from serious and chronic medical and health problems requiring Defendant to adhere to a strict regimen of daily prescription medications, blood sugar testing and monitoring and the use of a Nebulizer to assist his breathing;

      WHEREAS, the Court intends through this Order to insure Defendant's access to the medications and medical devices needed by Defendant during the term of his incarceration;

      NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1

1. Defendant Wayne Wildrick shall be permitted by the United States Bureau of Prisons to bring with him on July 7, 2006 to the institution designated by the United States Bureau of Prisons for his term of imprisonment the prescribed medications and medical devices identified on the physician's letter dated May 23, 2006 of the Central Jersey Pulmonary & Medical Association, which letter is attached to this Order and is made a part of this Order, in sufficient quantities to last the entire term of his Ninety Days' term of imprisonment.

2. The United States Bureau of Prisons, if it shall take custody of Defendant's medications, shall keep said medications and medicines in a safe and controlled location and shall, through appropriate employees, make available and administer to Defendant all medications and medicines in accordance with the dosages and times as prescribed in the physician's letter attached to this Order.

3. The United States Bureau of Prisons shall allow Defendant to keep in his possession or in his immediate vicinity and ready availability the Nebulizer device as prescribed in order to assist Defendant's breathing as may be needed by Defendant.

4. The United States Bureau of Prisons shall allow Defendant to use the prescribed needle blood test kit twice a day in order to test and monitor his blood sugar levels and shall allow Defendant to maintain a blood sugar log.

5. The United States Bureau of Prisons shall make available to Defendant the low calorie, low sodium diet as prescribed more specifically in the attached physician's letter.

6. The Clerk of this Court is directed to send by First Class Mail a certified copy of this Order to counsel for Defendant, Michael E. Norton, 551 Fifth Avenue, 27th Floor, New York, New York 10127.

7. Defendant is directed to present a certified copy of this Order and attached physician's letter to the United States Bureau of Prisons when he reports to commence his sentence on July 7, 2006.

DATED: Brooklyn, New York

June 2, 2006

s/John Gleeson

HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE

# Central Jersey Pulmonary & Medical Assoc.

Sam T. Bebawy, MD, FCCP
Elie E. Metri-Mansour, MD, FCCP
Gaetano J. Aquilino, D.O.
719 North Beers Street
Holmdel, NJ 07733
732-264-1001

May 23, 2006

US Bureau of Prisons

To Whom It May Concern:

Mr Wayne F. Wildrick is currently under my care and his medications are as follows:

Coreg 3.125 mg (1 tab 2 x day)
Foltx 25 mg (1 tab/day – am.)
Metaglip 5/500 mg (2 tabs / 2 x day)
Avandia 4 mg (1 tab daily pm.)
Tricor 145 mg (1 tab/day pm.)
Neurontin (Gabapantin) 400 mg (1 tab 2x/day)
Lantus 44 units (pm)
Accupril (Quinapril) 5 mg (1 tab/day am.)
Combivent (as required)
Advair 100/50 (as needed)
Blood tested (2 x day)
Nebulizer (as needed)

In addition Mr. Wildrick has to follow a 1800 calorie/4 gm. sodium diet and maintain a blood sugar log.

Thank you,

Dr. Sam Bebawy, MC, FCCP

# NORTON & ASSOCIATES, LLC

ATTORNEYS AT LAW
551 FIFTH AVENUE
27TH FLOOR
NEW YORK, NEW YORK 10176-2701
TELEPHONE (212) 297-0100
FACSIMILE (212) 818-0494

June 2, 2006

By First Class Mail

Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Donovan, et al.
        Criminal Docket No. 05-442 (JG)
        Defendant Wayne Wildrick

Dear Judge Gleeson:

    Our firm represents Wayne Wildrick who is one of the defendants in the above-captioned criminal case. Mr. Wildrick was sentenced at a hearing on May 3, 2006. As the Court may recall, Mr. Wildrick suffers from a myriad of medical problems and is on an extensive regime of prescribed medications. At the sentencing hearing your Honor directed the undersigned to draft an order for the Court which would require the Bureau of Prisons to accept the medications which Mr. Wildrick will bring with him when he reports on July 7, take custody of those medications and administer them to defendant in accordance with the Order.

    I enclose herewith a proposed order for the Court's consideration. I also enclose a letter from Mr. Wildrick's physician detailing the medications. We are also requesting that given Mr. Wildrick's poor health and extensive medication regime that the Bureau of Prisons be directed to assign defendant to a correctional facility with adequate medical facilities to care for him in the event of any medical emergencies.

    On another subject, the sentence imposed on May 3 contained a restitution requirement of $62,650, half of which has already been paid by defendant. The $31,250 balance is required to be paid starting at the end of defendant's second year of supervised release at the rate of 15% of his net monthly income. This is reflected at page 5 of the Court's Judgment Including Sentence (a copy of which is enclosed). However, at the sentencing hearing (pages 11-12 of transcript copy enclosed for the Court's convenience) the Court also provided that in the event the forfeiture amounts in this case are paid to the

victim (New York City), Mr. Wildrick's restitution obligations will have been satisfied and he will not be required to pay the $31,250 balance. Our concern is that this aspect of the Court's sentence is not reflected in the Judgment. We would therefore respectfully request that the Court supplement that part of the Judgment to include the foregoing proviso.

We thank the Court for its consideration of these matters.

Respectfully submitted,

Michael E. Norton

Enclosures

Cc: Assistant U.S. Attorney Margo Brodie (with enclosures)